JOHN VALENTINE, ADMINISTRATOR, ETC., RESPONDENT, *v.* MARGARET A. HEYDECKER, IMPLEADED, ETC., APPELLANT.

*Extension of time of payment — consideration for — taking assignment of bond and mortgage.*

APPEAL from a judgment in favor of the plaintiff recovered on a trial at Special Term.

The judgment appealed from was recovered in an action for the foreclosure of a mortgage, executed by the defendant, Margaret A. Heydecker, to one Martha I. Stevens, to secure the payment of $2,500, with interest. After the mortgage debt became due, the mortgagee desired that it should be paid, but the mortgagor was unable to pay it; and in order to prevent the foreclosure of the mortgage, a loan was applied for by her agent, for the sum of $3,500 for the period of three years, out of the proceeds of which it was designed to pay off the mortgage. The application

was made to Sargent V. Bagley, who was acting on behalf of the plaintiff's intestate. And it was concluded to make the loan in case the property described in the mortgage was found to be a good security for the amount. But, upon a search being made, the amount of the incumbrances upon the property by unpaid assessments and taxes, and a judgment recovered after the recording of the mortgage, was so great as to render the property an undesirable security for the amount of money desired. And thereupon the agreement for the loan was so far modified as to result in another for the purchase of the outstanding bond and mortgage, and an extension of the time for its payment for the period of three years.

The defendant agreed to, and did pay to the person acting for the intestate, the expenses incurred for searching and examining the title to the property, and the money was advanced for, and an assignment taken of, the bond and mortgage, in compliance with the terms of such modification of the original·agreement.

In this action the plaintiff insisted, among other things, that the agreement for extension was without consideration and therefore void. With reference to this point the court at General·Term said :

" In support of the judgment, however, it has been further objected that the agreement was without consideration. But the assent of the defendant to the assignment of the bond and mortgage by which the intestate could be properly secured for her money was some consideration. It was a benefit to her, and afforded her the means by which she could safely invest her money at interest.

The agreement was one for a three years' loan, and this was the mode devised for making it, and after its consummation it ought to be maintained. Besides that the mortgagor became bound for the payment of the expenses of making a search of the title to the property mortgaged, and for the payment of $100 to the agent of the intestate for afterwards examining it. And the sums required for that purpose were actually paid.

That would not have been done, if all that was to be secured, was only a change of owners of the mortgage debt and security. It was a burthen imposed upon the debtor as part of the price of the stipulated extension, and its payment for that reason was a valid consideration for the agreement made.

It was so much more, than there was previously any obligation

for doing on the part of the debtor. And for that reason materially distinguishes this from the case of *Parmelee* v. *Thompson* (45 N.Y., 58). In that respect the case is in principal the same as *Dodge* v. *Crandell* (30 N. Y., 294), and it is likewise sustained by what was held in *Ryan* v. *Dox* (34 id., 307).

The agreement was a valid one, and as there had been no default in its performance when this action was commenced, the defense should have been sustained by the court at the trial.

The judgment should, therefore, be reversed and a new trial ordered, with costs to abide the event."

*R. B. Gwillim*, for the appellant.    *S. H. Thayer*, for the respondent.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.